**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
ARGONAUT INSURANCE COMPANY a/s/o      :
WINDOWS ON 123 LOFT CONDOMINIUM       :
ASSOCIATION,                          :                    24-CV-808 (OTW)
                                      :
                    Plaintiff,        :                    **OPINION & ORDER**
                                      :
           -against-                  :
                                      :
MICHAEL CIVIN, SEAN LILLIS, et al.,   :
                                      :
                    Defendants.       :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

   I.   **INTRODUCTION**

   Before the Court is Defendant Michael Civin's motion for summary judgment seeking

dismissal of the Plaintiff's claims and the Lillis Defendants'[1] cross-claims. Plaintiff Argonaut

Insurance Company ("Plaintiff" or "Argonaut") is the insurer of Windows on 123 Loft

Condominium Association (the "Insured" or the "Association"), the condominium association

for the condominium at 129 West 123rd Street (the "Building"), where Civin owns a residential

unit. The Building was damaged after a flood that originated in Civin's unit; Argonaut incurred

costs to repair the damage to the Building and then brought a subrogation claim to recover

those costs from Civin and the Lillis Defendants, who are alleged to have caused the flood.

   The parties consented to magistrate judge jurisdiction on July 18, 2024. (ECF 30). On

June 2, 2025, Civin filed his motion for summary judgment, contending that Plaintiff cannot

maintain this action as a subrogee, because the Association waived its subrogation rights and

---

[1] The "Lillis Defendants" are Sean Lillis, Billing Geeks, Inc., and Building Geeks Inc.

because doing so would violate the anti-subrogation rule, because Civin himself is covered by the same policy (the "Argonaut Policy"). The Court finds that genuine issues of material fact exist that preclude summary judgment, and so Civin's motion for summary judgment is **DENIED**.

## II. BACKGROUND[2]

### a. Relevant Factual History

The Amended Complaint alleges that Civin hired the Lillis Defendants to perform work in his unit, that they left the balcony door open, which caused a pipe in Civin's unit to freeze and burst, causing damage to the Building. (ECF 49 (Amended Complaint) at ¶¶ 9-13). Civin's Local Rule 56.1 Statement acknowledges only that "[a] flood occurred when . . . a pressurized plumbing line ruptured within" Civin's unit. (ECF 58-2 (Civin 56.1 Stmt.) ¶ 15).[3]

Plaintiff, as the Association's subrogee, filed this action to recover from Civin and the Lillis Defendants the sums that it paid under the Argonaut Policy.

### b. The Bylaws and Insurance Policies

The Association's Bylaws have certain provisions concerning the insurance policies that the Association must maintain. (ECF 58-2 ¶¶ 6-8; ECF 60-1 (Plaintiff 56.1 Stmt.) ¶¶ 6-8.) Plaintiff issued the Argonaut Policy to the Association. (ECF 58-2 ¶¶ 9-12; ECF 60-1 ¶¶ 9-12.) The Bylaws and the Argonaut Policy contain language discussing waivers of subrogation ((ECF 58-2 ¶¶ 6-12; ECF 60-1 ¶¶ 6-12, and underlying documents), but Plaintiff and Civin disagree on the meaning

---

[2] For ease of reference, the Court will use the page numbering contained in the ECF headers.

[3] Local Rule 56.1 requires citation to admissible evidence. Fed. R. Civ. P. 56; L.R. 56.1(d). For this purportedly undisputed fact, Civin's 56.1 Statement cites to the Complaint, the Amended Complaint, (neither of which are evidence) and the Lillis Defendants' Responses to Interrogatories, in which the Lillis Defendants state that Civin alerted them to "a flood in the building" and that the Lillis Defendants sent a person "to investigate." (ECF 58-19 at 9, 11).

of that language. (ECF 60-1 ¶¶ 12, 14 and Counterstatement ¶¶ 1-2.) The Lillis Defendants have not filed anything responding to Civin's summary judgment motion.

### III.    DISCUSSION

The parties' disagreement whether a valid waiver of subrogation exists is a genuine issue of material fact that precludes summary judgment. See Fed. R. Civ. P. 56. But, because Civin appears to misunderstand fundamental principles of contract interpretation, the Court will explain further: neither the Bylaws nor the Argonaut Policy contains an express waiver of subrogation rights,[4] and to grant Civin's motion would require the Court to interpret the language of two contracts where the plain language does not support Civin's interpretation or, at best, raises a genuine issue of material fact as to its interpretation.

Civin's motion for summary judgment depends on an interpretation of the Association's Bylaws and the Argonaut Policy that is hotly disputed by Plaintiff and inconsistent with the plain language of those documents. (ECF 60-1; ECF 60-2). Section V.2.c. of the Bylaws, in relevant part, states: "To the extent obtainable at a cost deemed reasonable by the Board of Managers, all policies of physical and liability insurance shall contain waivers of subrogation …" (ECF 58-2 ¶ 8; ECF 60-1 ¶ 8). Civin argues that use of the word "shall" in this provision means that any insurance policy obtained by the Association must contain a waiver of subrogation (ECF 58-3 at 10), notwithstanding the phrase "[t]o the extent obtainable," and that this is confirmed by the Argonaut Policy's language in Section I:

---

[4] Civin has filed no opposition or response to Plaintiff's Counterstatement of Material Facts, which asserts that no express waiver of subrogation appears in the Argonaut Policy, nor has the Association requested a waiver of subrogation in its application for insurance. (ECF 60-1 at page 10; ¶¶ 1-2). Civin's failure to respond to these asserted facts, supported by documentary evidence, would be reason enough to deny his motion for summary judgment.

I.        TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
If any person or organization to or for whom we make payment under this Coverage Part
has rights to recover damages from another, those rights are transferred to us to the extent
of our payment. That person or organization must do everything necessary to secure our
rights and must do nothing after loss to impair them. But you may waive your rights against
another party in writing:

1.    Prior to a loss to your Covered Property or Covered Income.
2.    After a loss to your Covered Property or Covered Income only if, at time of loss, that
      party is one of the following:
      A.    someone insured by this insurance;
      B.    A business firm:
            1.    Owned or controlled by you; or
            2.    That owns or controls you; or
      C.    Your tenant.

This will not restrict your insurance.

(ECF 58-2 ¶ 12; ECF 60-1, ¶ 12.) Plaintiff admits that the language is cited from the Argonaut

policy, "but den[ies] any characterization by . . . [Civin] of same as an effective waiver." (ECF 60-

1, ¶ 12).

Plaintiff contends that the phrase "To the extent obtainable …," in the Bylaws means

that the Association was not required to waive subrogation, and further contends that the

language Civin quotes in the Argonaut Policy only states that a party *may* waive its subrogation

rights, but that there is no evidence of an actual waiver of subrogation. (ECF 60-1 at 10). I agree.

The plain language of Section I of Argonaut Policy expressly provides for a transfer of

rights to Plaintiff: "those rights are transferred to us to the extent of our payment." (ECF 60-1,

¶ 12). As to a *waiver* of rights, however, the following language is permissive and does not, on

its face, constitute a waiver of subrogation: "*But* you *may* waive your rights against another

party in writing…" *Id*. (emphases added). Civin does not point to any language in the Argonaut

Policy that operates as an express waiver. *C.f. Admiral Indemnity Co. v. Johnson*, 189 A.D.3d

428, 428 (N.Y. App. Div. 1st Dep't 2020) (finding that association's policy "unambiguously

waives plaintiff's subrogation rights" when policy provided, "We [plaintiff] waive our rights to recover payment from any unit-owner of the condominium that is shown in the Declarations.")

Civin's argument about the phrase "to the extent obtainable" in the Bylaws is unsupported by the caselaw. The New York Supreme Court interpreted similar language in a condominium association's bylaws – stating that insurance policies "shall, *if possible*, contain waivers of subrogation" to "strongly endorse waivers of subrogation, [but] cannot be said to require categorically that the board's . . . insurance include a waiver." *Admiral Indemnity Co. v. Johnson*, 67 Misc. 3d 1208(A), 2020 WL 1958713 at *2 (N.Y. Sup. 2020) (emphasis added, reversed on other grounds at 189 A.D. 3d 428). *See also Admiral Indemnity Co. v. Onetti*, No. 1176632006, 2008 WL 10908571 at *3 (N.Y. Sup. 2008) (finding that similarly worded bylaws only endorsed a waiver of subrogation and could not be read as an actual waiver of subrogation).  At best, Civin has only raised a genuine issue of material fact whether the placement of the phrase "to the extent obtainable" in the Bylaws here, as compared to the bylaws in *Onetti* and *Johnson* (where the phrase "to the extent obtainable" was just before the waiver of subrogation language), means that the Bylaws here are intended to constitute an actual waiver of subrogation, as opposed to an endorsement of such waivers.

Civin raises another argument that is similarly meritless: he argues that "although the flood occurred in Unit 6, it originated from a burst pipe – a part of the general building, as opposed to Civin's particular unit." ECF 63 at 12. Thus, he argues, he is a covered party under the Argonaut Policy and the anti-subrogation rule precludes Plaintiff's suit against him. *Id.* Again, this argument is contradicted by the language in the very section of the Bylaws – Section V.2.b – that Civin seeks to use to his own benefit. Section V.2.b. explicitly states that the

Association's insurance "shall not cover liability of a Unit Owner *arising from an occurrence from within his, her or its own Unit*." (emphases added). Civin *admits* in his 56.1 Statement that the flood occurred "when a pressurized plumbing line ruptured *within* the Civin Premises." (ECF 58-2 ¶ 15; ECF 60-1 ¶ 15). (emphases added). Again, by the plain language of Section V.2.b., then, the Argonaut Policy would not cover Civin, and the anti-subrogation rule does not apply.

## IV.   CONCLUSION

Civin has failed to show that there was an express waiver of subrogation in the Argonaut Policy that precludes Plaintiff's suit against any of the Defendants, nor has he shown that he is directly covered under the Argonaut Policy such that the anti-subrogation rule would apply. Civin's motion for summary judgment for dismissal of the Lillis Defendants' cross-claims relies on the same waiver of subrogation that he has failed to show. Accordingly, Defendant Civin's motion for summary judgment is **DENIED in its entirety**.

The parties are directed to meet and confer whether further settlement discussions before Judge Cave would be productive in light of this Opinion. In the alternative, the parties should prepare for trial. The parties are directed to file a letter as to their intentions **by Monday, March 23, 2026**. If the parties elect to proceed to trial, their letter shall propose dates for an in-person pretrial conference during the weeks of April 20 or April 27, with the Joint Pretrial Order to be filed 7 days before the earliest proposed pretrial conference date. The Court will set a trial date at the pretrial conference, and the parties should come to the conference prepared to set a trial date in May or June 2026.

The Clerk of Court is respectfully directed to close ECF No. 58.


**SO ORDERED.**


_/s/ Ona T. Wang_

Dated: March 13, 2026                                        **Ona T. Wang**
       New York, New York                          United States Magistrate Judge

7